

# Fourth Court of Appeals
## San Antonio, Texas

December 4, 2017

No. 04-17-00738-CV

Doria **GUTIERREZ,**
Appellant

v.

**AMERICAN BUILDERS AND CONTRACTOR'S SUPPLY COMPANY INC.,**
Appellees

From the County Court At Law No. 10, Bexar County, Texas
Trial Court No. 2016-CV-06004
Honorable John Longoria, Judge Presiding

# O R D E R

The trial court signed a final judgment on April 7, 2017. Because appellant did not participate in the hearing or timely file a post-judgment motion, notice of appeal, or request for findings of fact and conclusions of law, the notice of restricted appeal was due to be filed on October 7, 2017. *See* TEX. R. APP. P. 26.1(a). A motion for extension of time to file the notice of restricted appeal was due on October 23, 207. *See* TEX. R. APP. P. 26.1(c). Appellant filed her notice of appeal on October 19, 2017. Although appellant filed a notice of restricted appeal within the grace period allowed by Rule 26.3, she did not file a motion for extension of time.

A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1 but within the grace period provided by Rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (construing the predecessor to Rule 26). However, the appellant must offer a reasonable explanation for failing to file the notice of appeal in a timely manner. *See id.*; TEX. R. APP. P. 26.3, 10.5(b)(1)(C). Appellant has not presented to this court a reasonable explanation for failing to file the notice of appeal in a timely manner.

Additionally, a filing fee of $205.00 was due when appellant filed her notice of appeal, but it was not paid. *See* TEXAS SUPREME COURT ORDER REGARDING FEES CHARGED IN THE SUPREME COURT, IN CIVIL CASES IN THE COURTS OF APPEALS, AND BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION (Misc. Docket No. 159158, Aug. 28, 2015). Rule 5 of the Texas Rules of Appellate Procedure provides:

A party who is not excused by statute or these rules from paying costs must pay—at the time an item is presented for filing—whatever fees are required by statute or Supreme Court order. The appellate court may enforce this rule by any order that is just.

TEX. R. APP. P. 5.

Accordingly, we **ORDER** that appellant file, on or before **December 14, 2017**, a response presenting a reasonable explanation for failing to file the notice of appeal in a timely manner. *See Verburgt*, 959 S.W.2d at 617. We further **ORDER** that appellant must either (1) pay the filing fee or (2) provide written proof to this court that she is indigent or otherwise excused by statute or the Texas Rules of Appellate Procedure from paying the fee on or before **December 14, 2017**. *See* TEX. R. APP. P. 20.1 (providing that indigent party who complies with provisions of that rule may proceed without advance payment of costs).

If appellant fails to respond satisfactorily within the time ordered, this appeal will be dismissed. *See* TEX. R. APP. P. 42.3. All other appellate deadlines are suspended until further order of this court.

_____
Irene Rios, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 4th day of December, 2017.

_____
KEITH E. HOTTLE,
Clerk of Court